IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STATE NATIONAL INSURANCE COMPANY**                                        **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 2:14cv155-KS-MTP**

**JARED A. HILL, PASCUAL CABRERA, also**
**Known as "LENO LOPEZ", MARY DUBOSE**
**MARSHALL NEWELL, and**
**MAKEYTA NEWELL**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jared A. Hill's Motion to Dismiss or Stay Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) [16] and Defendant Pascual Cabrera's Joinder in Hill's Motion to Dismiss or Stay [18]. After careful consideration of the applicable law, the Court finds Hill and Cabrera's joined Motion to Dismiss [16] [18] to be well taken and will therefore be granted. As such, the Court dismisses as moot Hill and Cabrera's Alternative Motion to Stay [16] [18].

## I. BACKGROUND

On February 18, 2014, Defendant Jared A. Hill ("Hill") was driving his co-worker, Defendant Pascual Cabrera ("Cabrera"), home at the request of his employer, Tanner Construction Company ("Tanner Construction"), in a vehicle owned by Tanner Construction, when he was involved in a motor vehicle accident with another car containing Defendants Mary Dubose ("Dubose"), Marshall Newell, and Markiyta Newell (collectively "the Newells"). At the time, Tanner Construction had a commercial automobile insurance policy with Plaintiff State National Insurance Company ("State National"). State National denied Hill coverage under the policy, claiming he did not have

permission to operate the vehicle and that he was not acting within the scope of his employment.  (*See* Complaint [1] at p. 3.)

State National brought the current action before the Court on September 22, 2014, against Hill, Cabrera, Dubose, and the Newells.  Pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201, State National asks the Court to declare that no indemnity or defense is owed under the insurance policy for the accident on February 18, 2014.

On May 12, 2014, Cabrera filed suit against Hill in Mississippi state court.  State National was brought into this suit as a defendant on October 1, 2014, and filed an answer on October 28 asserting the restrictions in the commercial automobile insurance policy as an affirmative defense.  On January 6, 2015, Hill amended his previous answer in the state action to assert a crossclaim against State National on the coverage issue.  Discovery in the state court action has been ongoing, and at the time of the filing of the motions before the Court, Hill had filed a motion in state court for a trial to be set in November 2015.  (*See* Motion for Trial Setting [16-10].)  State National, however, has not agreed to any date for trial in the state court action in order to "wait on the responsive pleadings in federal court."  (*See id.* at ¶ 3.)

A further state suit concerning the February 2014 accident has been brought in state court by Dubose and the Newells, against Hill, Tanner Construction, Andy Tanner, Gary Tanner, Lorrie Tanner, and various John Does.  (*See* Plaintiff's Consolidated Opposition to Defendants' Motions [19] at p. 5.)  Though State National is not a party to this action as of the time of these motions, it does insure both Tanner Construction and Gary Tanner under its commercial automobile policy.  (*See* Complaint [1] at p. 2.)

Hill filed this Motion to Dismiss or Stay Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) [16] on February 11, 2015.  Cabrera filed his Joinder in Hill's Motion to Dismiss or Stay [18] on February 12, 2015.  Both Hill and Cabrera ask the Court to exercise its discretion to dismiss State National's declaratory judgment action due to the pending state litigation.

## II.  ANALYSIS

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 2143, 132 L.Ed.2d 214 (1995).  The Declaratory Judgment Act, 28 U.S.C. § 2201, gives federal courts discretionary jurisdiction to declare the rights of litigants.  *Id.* at 286, 115 S. Ct. at 2142.  The Fifth Circuit has identified seven nonexclusive factors to guide federal district courts in this discretion:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the

>court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)).  Applying these factors to the action at hand, the Court finds that the analysis weighs in favor of dismissal.

Turning to the first factor, neither side disputes that there is a pending state action where the issue of State National's liability under the commercial automobile insurance coverage will be litigated.  State National asserts, however, that the issue will not be *fully* litigated because only it, Hill, and Cabrera are parties in that suit, and not Dubose or the Newells, who are also defendants in this case.  State National claims that Dubose and the Newells are necessary parties to the declaratory judgment action currently pending before this Court.  The subject of this action, though, is the indemnity State National owes to Hill, through the commercial automobile insurance policy purchased by Tanner Construction. Though Dubose and the Newells have an interest in the determination of this issue, because they were not parties to the policy, they are not necessary parties in this suit. *See BroadStar Wind Sys. Grp. Ltd. Liab. Co. v. Stephens*, 459 Fed.Appx. 351, 357 (5th Cir. 2012) ("While [the unjoined party] certainly had interests in the outcome of the suit, as a non-party to the contract which was the sole basis for the declaratory judgment suit, [it] was neither necessary nor indispensable . . . .").

Furthermore, Dubose and the Newells also have a state action pending regarding the February 2014 automobile accident.  It is of no consequence that State National is not a party in the suit Dubose and the Newells have filed, as named defendants in that case are insured by State National.  The Fifth Circuit has upheld a stay of a federal declaratory

-4-

judgment action in similar circumstances in *U.S. Fidelity and Guaranty Co. v. Blevins*. 979 F.2d 1535 (5th Cir. 1992) (per curiam). *Blevins*, much like the case at hand, involved an automobile accident occurring while a company car was being driven by an employee. *Id.* The survivors of the victims brought a state court action against the employee and the company. *Id.* While that action was pending, the insurer filed a declaratory judgment action in federal court on the coverage issue. *Id.* The district court stayed that action sua sponte pending the outcome in the state court proceeding, and the Fifth Circuit affirmed the stay. *Id. Blevins* has been read to stand for the proposition that stay or dismissal of a federal declaratory judgment action can be appropriate even if an insurer is not a party to a state court action because "[the insurer] may seek intervention in the state court action and receive from the state court a determination of its responsibilities." *See Ranger Ins. Co. v. Turner*, No. 4:97CV135-B-B, 1998 WL 94939, at *3 (N.D. Miss. Feb. 13, 1998) (citing *Blevins*, 979 F.2d at 1535.) Consequently, the existence of a state court action brought by Dubose and the Newells against Hill and Tanner Construction, only serves to make it more likely that the issue of the policy coverage will be fully litigated in state court.

As to the second factor, the fact that state action brought by Cabrera was already pending when State National filed its declaratory judgment complaint lends credence to Hill and Cabrera's assertion that State National filed its action in anticipation of litigation. While State National was initially not a party in the state action between Hill and Cabrera, it knew that it could be liable to Hill for indemnification in the state suit under its commercial automobile insurance policy, which prompted State National to file the current declaratory judgment action seeking this Court to declare that no indemnification was

owed under said policy.  This leads the Court to conclude that State National filed its declaratory judgment complaint in anticipation of being hailed into state court on the issue of coverage.

Accordingly, the Court also finds that the third factor weighs in favor of dismissal in this case, as State National forum shopped when it chose to file this separate action in federal court instead of intervening as of right in the state action under Mississippi Rule of Civil Procedure 24(a)(2).  *See Guar. Nat. Ins. Co. v. Pittman*, 501 So.2d 377, 384 (Miss. 1987) (holding an insurer has the right to intervene in a pending action under Miss. R. Civ. Proc. 24(a)(2)).

As to the fourth factor, the Court does not find that any inequities exist in this case that would allow State National to gain precedence in time or change forums.  This is mostly due to the fact that the parallel state court action is much further along than the declaratory judgment action before this Court.  There has been no movement in the federal action beyond the initial pleading stage, while the state action is nearing the completion of discovery, if it has not already been completed, and the parties are preparing for trial in the near future.  As such, the sole issue of the declaratory judgment action will likely be litigated and decided in state court before State National could gain any advantage in a federal forum.

As parties agree that the fifth factor of convenience is neutral in this case, the Court looks next at the sixth factor of judicial economy.  As stated above, the issue before the Court in State National's declaratory judgment action will likely be litigated in state court well before this Court could come to a determination as to the merits of the case. Under the principles of comity, this Court would then give preclusive effect to the state

court's determination of the coverage under the insurance policy, and the parties would be collaterally estopped from relitigating the issue in federal court. *Allen v. McCurry*, 449 U.S. 90, 95-95, 101 S. Ct. 411, 415, 66 L.Ed.2d 308 (1980). Retaining the action, then, would serve no purpose and be against the interests of judicial economy.

The parties agree that the seventh factor is not applicable to this case.

Therefore, because there are pending state court actions where the sole issue at hand will be fully litigated, State National filed its declaratory judgment action in anticipation of litigation, State National engaged in forum shopping, and judicial economy is best served by dismissal, the Court finds that Hill and Cabrera's joined Motion to Dismiss [16] [18] is well taken and should be granted. Because dismissal is on abstention grounds as opposed to on the merits, this dismissal will be without prejudice.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Hill and Cabrera's joined Motion to Dismiss [16] [18] is granted and this case is dismissed without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Hill and Cabrera's joined Alternative Motion to Stay is dismissed as moot.

SO ORDERED AND ADJUDGED this the 21st day of September, 2015.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE